IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLIE JOE CHAPMAN,<br><br>                Plaintiff,<br><br>vs.<br><br>JUDGE LEIGH ANN RETELSDORF, of Douglas County District Court and other state/city employees of Nebraska; BRENDA LEUCK, Atty.; SEAN LYNCH, Atty.; and RYAN TEMPLETON, Omaha Police Ofc.;<br><br>                Defendants. | **8:17CV425**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on its own motion. On November 16, 2017, the court required Plaintiff Billie Joe Chapman to show cause why he is entitled to proceed in forma pauperis in this action. (*See* Filing No. 8.) The court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Chapman v. Chief Executive Officer*, Case No. 8:15CV259 (D.Neb.) (Filing No. 9, August 19, 2015 Memorandum and Order dismissing action pursuant to PLRA's "three strikes" provision). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      Chapman responded to the court's order on November 30, 2017. (*See* Filing No. 11; Filing No. 12.) Chapman argues he should be allowed to proceed in forma pauperis in this action because his constitutional rights were violated when the Douglas County District Court ("state district court") entered an order finding him incompetent to stand trial in violation of Neb. Rev. Stat. § 29-1823 and committed him to the Lincoln Regional Center ("LRC") until his competency is restored.

Though not explicitly stated, the court could infer Chapman is alleging he is under imminent danger of serious physical injury based on his claims that Defendant Judge Leigh Ann Retelsdorf entered a verbal order on August 21, 2017, that the LRC can "force drugs against Plaintiff's will." ([Filing No. 11 at CM/ECF p.2](); *see also* [Filing No. 1 at CM/ECF p.5]().)

"[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." [*Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)](). Moreover, forced administration of medication does not necessarily create an imminent danger of serious physical injury. *See* [*Holbach v. North Dakota*, No. 3:13-CV-38, 2014 WL 295153, *2 (D.N.D. Jan. 24, 2014)]() (finding plaintiff's conclusory statement that he was being drugged "to kill [him] . . . and silence [him]" by state hospital after being found incompetent to stand trial was insufficient to implicate the imminent danger exception); [*Robinson v. Stoddard*, No. 1:13–cv–754, 2013 WL 3974715, *2 (W.D.Mich. Aug. 2, 2013)]() (finding plaintiff's claim that being subjected to forced unidentified medication is life-threatening is "wholly irrational" and does not implicate the imminent danger exception); [*Smith v. Rohling*, Civ. No. 0–3184–SAC, 2011 WL 1326038, *2 (D.Kan. Apr. 6, 2011)]() (holding the involuntary administration of psychotropic medication following a hearing and physician review did not put inmate in imminent danger of serious physical harm); [*Staley v. Yu*, No. 9:07–159–PMD–GCK, 2007 WL 1149874, *1 (D.S.C. Apr. 11, 2001)]() (Failure to demonstrate that forced psychotropic medication was necessarily dangerous or that it caused the plaintiff to suffer any specific injury did not meet the showing of imminent physical harm required under § 1915(g).).

The alleged harm Chapman complains about is speculative at best and his allegations do not support a finding that Chapman is "under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g). By his own admission, Plaintiff is still housed at the Douglas County Department of Corrections and has not been moved to the LRC due to space being unavailable. (Filing No. 12 at CM/ECF p.3.) Plaintiff has not alleged that he was being forcibly medicated at the time his Complaint was filed or that he is currently. The competency evaluation attached to Plaintiff's Complaint only suggests that "[i]t is considered desirable that [LRC] be allowed to treat him with medicine involuntarily" should Plaintiff "refuse to take it." (Filing No. 1 at CM/ECF p.17.) Plaintiff does not allege what type of medication would be forced on him or whether such medication would cause Plaintiff to suffer any specific injury. Moreover, as Plaintiff alleges, any plans to forcibly medicate Plaintiff would be with the state district court's authorization and subject to review in that court or the Nebraska appellate courts.[1]

For the foregoing reasons, the court finds that Chapman has failed to demonstrate that he is under imminent danger of serious harm. Accordingly, he is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Chapman has not paid the $400.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

---

[1] Plaintiff attempted to review the state district court's order committing him to the LRC for restoration of competency, but his appeal was dismissed on November 13, 2017, as untimely. (*See* Filing No. 12 at CM/ECF pp.8, 11.). The attachments to Plaintiff's pleadings and his state case records, available to this court on-line, show that Plaintiff's case, *State v. Chapman*, Case No. CR17-729, District Court of Douglas County, Nebraska, is still pending. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). The state district court is required to hold a hearing in Plaintiff's criminal case "[w]ithin six months after the commencement of the treatment ordered . . . , and every six months thereafter . . . to determine . . . whether the accused is competent to stand trial." Neb. Rev. Stat. § 29-1823. Thus, Plaintiff will have opportunities to challenge any future competency and treatment determinations in state court. *See State v. Guatney*, 299 N.W.2d 538, 543 (Neb. 1980) (holding that "an order finding [an accused] incompetent to stand trial and ordering him confined until such time as he is competent is a final order from which an appeal may be taken.").

IT IS THEREFORE ORDERED that:

1. Chapman's Motion for Leave to Proceed in Forma Pauperis ([Filing No. 2](#)) is denied.

2. Chapman's Motion for Order ([Filing No. 9](#)) and Motion to Appoint Counsel ([Filing No. 10](#)) are denied as moot.

3. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

4. Any notice of appeal filed by Chapman must be accompanied by the $505.00 appellate filing fee because Chapman will not be allowed to proceed in forma pauperis on appeal.

Dated this 15th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
